IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK McGINNIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-802-GPM |
| | ) |
| PERRY COUNTY COURT, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiffs Frank McGinnis, Jessica McGinnis, A.M., and J.M. (Doc. 3). Plaintiffs, who bring this action pro se, request leave to proceed in this case without prepayment of the Court's usual $350 filing fee for a civil action. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a person who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the person's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).[1] Section 1915 provides further that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

---

[1] The Court notes that indigent litigants are not permitted to file joint motions for leave to proceed IFP and instead each plaintiff in a case seeking leave to proceed IFP must file a separate motion for IFP status. *See Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 340 (1948); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Sturdevant v. Deer*, 69 F.R.D. 17, 18 (E.D. Wis. 1975). Because, as will be discussed presently, the Court finds that this case is outside the Court's subject matter jurisdiction and must be dismissed, the Court will not require Plaintiffs to file separate IFP motions in this case.

determines that . . . the action . . . (i) is frivolous or malicious . . . [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though a court must accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. The factual allegations of a pro se complaint must be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of the pro se complaint in this case, Frank McGinnis and Jessica McGinnis are the parents of A.M., and J.M. Mr. and Mrs. McGinnis allege that their children have been taken wrongfully from them by Defendant Department of Children and Family Services ("DCFS"), and the decision of the DCFS has been concurred in by Defendants Perry County Court, Perry County, and Catholic Social Services ("CSS"). Plaintiffs allege violations of their constitutional rights and assert claims under 42 U.S.C. § 1983. Unfortunately for Plaintiffs, their Section 1983 claims are barred by the so-called *Rooker-Feldman* doctrine. That doctrine originates in two decisions of the Supreme Court of the United States holding that the lower federal courts lack jurisdiction to review state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Simply put, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be only in [the Supreme Court of the United States]." *Feldman*, 460 U.S. at 482. The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when (1) a losing party in state court files suit in federal court complaining of an injury caused by the state court judgment, and seeks review and rejection of that judgment; and (2) the losing party files the federal complaint after the state court proceedings have ended. Said differently, *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quotation omitted). In general, the *Rooker-Feldman* doctrine does not apply to determinations by state administrative agencies. *See Van Harken v. City of Chicago*, 103 F.3d 1346, 1348-49 (7th Cir. 1997). However, "if the decision of a state agency has been upheld by a state court, then the *Rooker-Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court." *Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994). Here it is clear from the allegations of the complaint that the decision of DCFS has been affirmed by the Circuit Court of the Twentieth Judicial Circuit, Perry County, Illinois, and therefore the *Rooker-Feldman* doctrine bars the Court from reviewing the agency's decision. This case will be dismissed.[2]

---

2. The Court notes other defects in the complaint in this case. First, DCFS, as an agency of the State of Illinois, cannot be sued in federal court. *See Binkley v. Edward Hosp.*, No. 02 C 2508, 2004 WL 2211647, at *10 (N.D. Ill. Sept. 30, 2004). Second, the Perry County Court enjoys absolute judicial immunity from suit under 42 U.S.C. § 1983. *See Williams v. Rath*, 756 F. Supp. 1103, 1105 (N.D. Ill. 1991) (citing *Dellenbach v. Letsinger*, 889 F.2d 755, 759-60 (7th Cir. 1989)). Third, Perry County can be sued pursuant to Section 1983 only if it maintains a policy or custom of unconstitutional conduct, which is not alleged in the complaint. *See Thomas v. Cook County*

To conclude, the Court finds that, under the *Rooker-Feldman* doctrine, this action is outside the Court's subject matter jurisdiction and therefore, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiffs' motion for leave to proceed IFP (Doc. 3) is **DENIED** and this action is **DISMISSED without prejudice**. Plaintiffs' motion for appointment of counsel (Doc. 4) and motion for service of process at government expense (Doc. 5) are **DENIED as moot**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 14, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

*Sheriff's Dep't*, 604 F.3d 293, 304-05 (7th Cir. 2010). Finally, there are no allegations in the complaint suggesting that CSS is a state actor that is subject to liability under Section 1983 rather than a private actor that is not. *See Tunca v. Lutheran Gen. Hosp.*, 844 F.2d 411, 414 (7th Cir. 1988).